## International Harvester Company v. Commonwealth.

(Decided September 26, 1913).

### Appeal from Hickman Circuit Court.

1. Judgment—Action to Enforce Collection of—Defense.—In an action to enforce collection of a judgment, an answer by defendant denying that such a judgment as is sought to be enforced exists, is a good defense.

2. Judgment—Pleading—Defense.—An allegation that the judgment sought to be enforced was entered without service of process upon defendant or any officer or agent of defendant, presents a good defense.

3. Pleading—Demurrer.—Upon demurrer the truth of the allegations of the pleading in question are admitted by the demurrer for the purpose of testing its sufficiency.

HUMPHREY, MIDDLETON & HUMPHREY and BRADSHAW & BRADSHAW for appellant.

JAMES GARNETT, Attorney General; R. L. SMITH and J. D. VIA for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an equitable action by the Commonwealth seeking to enforce the collection of a judgment alleged to have theretofore been recovered by it against appellant for $1,000.

The defendant answered, and in the first paragraph it was specifically denied that the Commonwealth had ever recovered any such judgment as is set out in the petition.

In the second paragraph it was stated that appellant was a foreign corporation, and that the judgment referred to in the petition as having been recovered by the Commonwealth was not binding upon defendant for the reason that it was not served with any process which would bring it before the court or within the jurisdiction thereof before the entry of said judgment; that although lawful process was issued and delivered to persons authorized to serve the same, the service thereof was only had upon two persons neither of whom was at the time of said service an officer or agent of said defendant, and that at the time of said service the defendant was not doing any business within the county of Hickman or the State of Kentucky.

To this answer a demurrer was sustained, and the defendant declining to plead further, judgment was

entered directing certain garnishee defendants to pay funds into court in satisfaction of the judgment, and from that judgment this appeal is prosecuted.

An agreement is filed in the record wherein it is stipulated that certain affidavits and evidence were read and used by the parties on the hearing of a motion to quash summons by defendant in the proceeding wherein the judgment for $1,000 was entered, and that the same might be considered upon the hearing of this action; and the affidavits and evidence referred to are copied in the record.

But we are aware of no practice that would permit us to consider this evidence in passing upon the demurrer to the answer or which would authorize us to give an opinion as to its legal effect. In considering a demurrer the truth of the allegations must be presumed; in fact, they are admitted as true by the demurrer for the purpose of testing the sufficiency of the pleading.

If, as alleged in the first paragraph of the answer, the Commonwealth recovered no such judgment as is described in the petition, that paragraph presented a complete defense; if, as alleged in the second paragraph, the judgment entered was without service of process upon appellant, or any officer or agent of appellant, then it was void, and that paragraph presented a complete defense.

If the attorneys for the Commonwealth desire to rely upon the record and proceedings in the former case upon appellant's motion to quash the summons therein, as a bar to its right to again test that question, they should have filed a reply pleading the facts; and they yet may do so upon the return of this case.

The judgment is reversed for further proceedings consistent herewith.